Helen F. Dalton & Associates, P.C.
Roman Avshalumov (RA 5508)
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

----------------------------------------------------------------------X

VICTOR LEE SMITH,

Plaintiff,

-against-

1114 NOSTRAND ASSOCIATES LLC, MAPLE NOSTRAND LLC, ABRAHAM H. PULTMAN, ISAAC M. PULTMAN, and JOHN DOE #1, known as "ERICK", as individuals,

Defendants.

----------------------------------------------------------------------X

**COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, V**ICTOR LEE SMITH** (hereinafter referred to as "Plaintiff"), by his attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to himself and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff, through undersigned counsel, brings this action against **1114 NOSTRAND ASSOCIATES LLC, MAPLE NOSTRAND LLC, ABRAHAM H. PULTMAN, ISAAC M. PULTMAN, and JOHN DOE #1, known as "ERICK",** as individuals, (hereinafter referred to as "Defendants"), to recover damages for egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **1114 NOSTRAND ASSOCIATES LLC and MAPLE NOSTRAND LLC** located at 1114 Nostrand Avenue/292 Maple Street, Brooklyn, New York 11225, and 630 3rd Ave Fl 19, New York, NY 10017-6735.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiff seeks compensatory damages and liquidated damages. Plaintiff also seeks interest,

attorneys' fees, costs, and all other legal and equitable remedies this Court deems appropriate.

3. Plaintiff also complains pursuant to the New York State Human Rights Law, New York State Executive Law §§ 296 et seq. ("NYSHRL") the New York City Human Rights Law, and New York City Administrative Code §§8-502(a) et seq. (NYCHRL), and seeks damages to redress the injuries Plaintiff has suffered as a result of being discriminated on the basis of his disability by Defendants.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over Plaintiff's federal claims pursuant to the FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

5. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

6. Venue is proper in the EASTERN District of New York pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

7. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201 & 2202.

## THE PARTIES

### *The Plaintiff*

8. Plaintiff VICTOR LEE SMITH residing in Brooklyn, New York, began working as a superintendent at the subject properties in or around 1985 and continued working there through successive ownership and management until his employment was terminated in or around June 2025.

### *The Corporate Defendants*

### 1114 NOSTRAND ASSOCIATES LLC

9. Defendant, 1114 NOSTRAND ASSOCIATES LLC, is a New York domestic limited liability company organized under the laws of New York with a principal office addresses

at 1114 Nostrand Avenue/292 Maple Street, Brooklyn, New York 11225, and 630 3rd Ave Fl 19, New York, NY 10017-6735.

10. Defendant 1114 NOSTRAND ASSOCIATES LLC, is registered in the New York Department of State, Division of Corporation with service of process address at PO BOX 100800, Brooklyn, New York 11210.

11. At all relevant times hereto, Defendant 1114 NOSTRAND ASSOCIATES LLC, through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiff in the performance of their duties, which among others include scheduling of work.

12. Accordingly, at all relevant times hereto, Defendant 1114 NOSTRAND ASSOCIATES LLC, was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

**MAPLE NOSTRAND LLC**

13. Defendant, MAPLE NOSTRAND LLC, is a New York domestic limited liability company organized under the laws of New York with a principal office addresses at 1114 Nostrand Avenue/292 Maple Street, Brooklyn, New York 11225, and 630 3rd Ave Fl 19, New York, NY 10017-6735.

14. Defendant MAPLE NOSTRAND LLC, is registered in the New York Department of State, Division of Corporation with service of process address at PO BOX 100800, Brooklyn, New York 11210.

15. At all relevant times hereto, Defendant MAPLE NOSTRAND LLC, through its agents, officers, managers and supervisors, maintains direct control, oversight, and direct supervision over their employees including Plaintiff in the performance of their duties, which among others include scheduling of work.

16. Accordingly, at all relevant times hereto, Defendant MAPLE NOSTRAND LLC, was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

**Joint Enterprise(s) of the Corporate Defendants**

17. At all times relevant to this action, Corporate Defendants were Plaintiff's employers as defined by NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiff.

18. During all relevant times hereto, Corporate Defendants acted as a single employer in general and as a joint employer with respect to Plaintiff.

19. During all relevant times hereto, Corporate Defendants treated and/or held out the Plaintiff as an employee of 1114 NOSTRAND ASSOCIATES LLC and MAPLE NOSTRAND LLC.

20. During the relevant period, Plaintiff performed superintendent and building-maintenance work at the properties located at 1114 Nostrand Avenue and 292 Maple Street, Brooklyn, New York 11225, for the benefit of the Corporate Defendants.

21. Upon information and belief, Plaintiff understood himself as being an employee of 1114 NOSTRAND ASSOCIATES LLC and MAPLE NOSTRAND LLC.

22. Corporate Defendants' entities employed the same employees and/or benefited jointly from the work performed by the same employees, including Plaintiff, performed the same type of work on/at the same job sites, and were jointly responsible for supervising the work performed by the same employees, including Plaintiff, at those job sites.

23. Defendants were jointly responsible for setting Plaintiff's work schedules and hours.

24. Defendants were jointly responsible for hiring Plaintiff.

25. Defendants were jointly responsible for maintaining all of their employment records.

26. The Corporate Defendant entities sued herein functioned as a single integrated enterprise during Plaintiff's employment by Defendants.

27. Accordingly, at all relevant times hereto, Defendants 1114 NOSTRAND ASSOCIATES LLC and MAPLE NOSTRAND LLC were Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

28. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are an enterprise engaged in interstate commerce within the meaning of the FLSA in that 1114 NOSTRAND ASSOCIATES LLC and MAPLE NOSTRAND LLC (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and has had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) have had annual gross volume of sales of not less than $500,000.00.

***Individual Defendant***

**ABRAHAM H. PULTMAN**

29. Upon information and belief, at all relevant times hereto, Defendant ABRAHAM H. PULTMAN owned, managed and/or operated 1114 NOSTRAND ASSOCIATES LLC and MAPLE NOSTRAND LLC.

30. Upon information and belief, Defendant ABRAHAM H. PULTMAN was an agent of 1114 NOSTRAND ASSOCIATES LLC and MAPLE NOSTRAND LLC.

31. At all relevant times hereto, Defendant ABRAHAM H. PULTMAN was responsible for overseeing the daily operations of 1114 NOSTRAND ASSOCIATES LLC and MAPLE NOSTRAND LLC.

32. At all relevant times hereto, Defendant ABRAHAM H. PULTMAN had power and authority over final personnel decisions at 1114 NOSTRAND ASSOCIATES LLC and MAPLE NOSTRAND LLC.

33. At all relevant times hereto, Defendant ABRAHAM H. PULTMAN had power and authority over final payroll decisions of 1114 NOSTRAND ASSOCIATES LLC and MAPLE NOSTRAND LLC.

34. At all relevant times hereto, Defendant ABRAHAM H. PULTMAN had the power and authority to hire employees of 1114 NOSTRAND ASSOCIATES LLC and MAPLE NOSTRAND LLC, including Plaintiff.

35. At all relevant times hereto, Defendant ABRAHAM H. PULTMAN had the power and authority to fire and terminate employees of 1114 NOSTRAND ASSOCIATES LLC and MAPLE NOSTRAND LLC, including Plaintiff.

36. At all relevant times hereto, Defendant ABRAHAM H. PULTMAN had authority over Plaintiff's compensation, work schedule, and employment records.

37. Accordingly, at all relevant times hereto, Defendant ABRAHAM H. PULTMAN was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

38. Defendant ABRAHAM H. PULTMAN is further alleged to be individually liable under the NYSHRL and NYCHRL to the extent he participated in, aided, abetted, incited, compelled, or coerced the discriminatory conduct alleged herein.

**ISAAC M. PULTMAN,**

39. At all relevant times, Defendant ISAAC M. PULTMAN served as building manager and/or supervisor at the properties where Plaintiff worked.

40. Upon information and belief, Defendant ISAAC M. PULTMAN exercised supervisory authority over Plaintiff and possessed authority to affect certain terms and conditions of his employment, including his work assignments and schedule.

41. Defendant ISAAC M. PULTMAN participated in the supervision and management of Plaintiff's work at the subject properties.

42. Accordingly, at all relevant times hereto, Defendant ISAAC M. PULTMAN was Plaintiff's employer within the meaning and the intent of the FLSA, and the NYLL.

43. Defendant ISAAC M. PULTMAN is further alleged to be individually liable under the NYSHRL and NYCHRL to the extent they participated in, aided, abetted, incited, compelled, or coerced the discriminatory conduct alleged herein.

**JOHN DOE #1, known as "ERICK"**

44. At all relevant times, Defendant JOHN DOE #1, known as "ERICK" [LAST NAME UNKNOWN] served as building manager and/or supervisor at the properties where Plaintiff worked.

45. Upon information and belief, Defendant JOHN DOE #1, known as "ERICK" exercised supervisory authority over Plaintiff and possessed authority to affect certain terms and conditions of his employment, including his work assignments and schedule.

46. Defendant JOHN DOE #1, known as "ERICK" participated in the supervision and management of Plaintiff's work at the subject properties.

47. Upon information and belief, Defendant JOHN DOE #1, known as "ERICK" participated directly in the decision to terminate Plaintiff's employment in or around June 2025.

48. Accordingly, at all relevant times hereto, Defendant JOHN DOE #1, known as "ERICK" was Plaintiff's employers within the meaning and the intent of the FLSA, and the NYLL.

49. Defendant JOHN DOE #1, known as "ERICK" is further alleged to be individually liable under the NYSHRL and NYCHRL to the extent they participated in, aided, abetted, incited, compelled, or coerced the discriminatory conduct alleged herein.

## RELEVANT STATUTORY PERIOD

50. Under the FLSA and NYLL, Plaintiff's federal and state law claims are subject to statute of limitations periods of 3 and 6 years from the date of the filing of the Complaint, respectively. As this Complaint is filed in October 2026, the relevant statutory period for Plaintiff' claims asserted herein encompasses the entirety of the period spanning October 2020 through present ("relevant statutory period.").

## FACTUAL ALLEGATIONS

### i. Wage and Hour Allegations

51. Plaintiff VICTOR LEE SMITH began working as a live-in superintendent at the subject properties in or around 1985 and continued working at the properties through successive ownership and management until his employment was terminated in or around June 2025.

52. During the relevant statutory period, Plaintiff worked for Defendants as a superintendent at the buildings located at 292 Maple Street, Brooklyn, New York 11225, and 1116 Nostrand Avenue, Brooklyn, New York 11225.

53. As a superintendent, Plaintiff's duties included, among other things, collecting rent from tenants, performing repairs and maintenance, managing and disposing of garbage, responding to emergencies, and painting, repairing, and preparing apartments when tenants moved into or out of the buildings.

54. Plaintiff regularly worked approximately seven (7) days per week during the relevant statutory period.

55. Plaintiff regularly worked approximately eight-and-a-half (8.5) hours per day during the relevant statutory period.

56. Thus, Plaintiff was required to work approximately sixty (60) hours per week during the relevant statutory period.

57. In addition to his regularly scheduled duties, Plaintiff was required to remain available to respond to emergencies and other time-sensitive issues arising at the buildings outside of his regular hours worked each week.

58. During Plaintiff's employment, Defendants provided Plaintiff with an apartment at 292 Maple Street, Apartment D-6, Brooklyn, New York 11225, in connection with and/or in

exchange for the superintendent work performed by Plaintiff, but failed to pay Plaintiff any regular monetary wages for performing such work.

59. Plaintiff repeatedly requested that Defendants pay him wages for the work he performed, including requesting weekly compensation, but Defendants failed to provide Plaintiff with any monetary compensation for his work performed.

60. Although Plaintiff regularly worked approximately sixty (60) hours per week, Defendants failed to compensate Plaintiff at the legally required overtime rate for hours worked in excess of forty (40) hours per week, in violation of the overtime provisions of the FLSA and NYLL.

61. Additionally, Defendants failed to compensate Plaintiff at the legally prescribed minimum wage for all compensable hours worked during the relevant statutory period, in violation of the minimum wage provisions of the FLSA and NYLL.

62. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of his employment as required by the FLSA and NYLL.

63. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

64. Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

65. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have received for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

**ii. Discrimination and Termination of Plaintiff's Employment on the Basis of His Disability**

66. Throughout his employment, Plaintiff performed his duties as a superintendent for Defendants, including performing repairs and maintenance, managing garbage, responding to emergencies, collecting rent, and preparing apartments for incoming and outgoing tenants.

67. In or around March 2025, Plaintiff suffered a stroke that resulted in, among other things, vision problems and impaired mobility on one side of his body.

68. Despite the physical limitations resulting from his stroke, Plaintiff continued performing his duties as a superintendent for Defendants.

69. Following his stroke, Plaintiff requested the reasonable accommodation of some limited assistance with performing his maintenance work from Defendants because of his current physical condition.

70. Despite Plaintiff's condition, Plaintiff was still able to perform a significant portion of his duties without assistance.

71. In response to Plaintiff's request for assistance, Defendants told Plaintiff, in substance, that they would see what they could do, but Plaintiff was not provided with the requested assistance.

72. Following Plaintiff's stroke and resulting physical limitations, Plaintiff experienced a marked change in the manner in which Defendants treated him.

73. Specifically, Defendants ISAAC M. PULTMAN and JOHN DOE, known as "ERICK" began ignoring and excluding Plaintiff from matters concerning the buildings he superintended, including visiting the buildings without notifying or involving Plaintiff, despite Plaintiff's longstanding role as superintendent and in contrast to how these matters were handled prior to Plaintiff suffering a stroke.

74. Plaintiff was increasingly excluded from the management and operation of the buildings and was treated as though he was no longer part of Defendants' operations as he was constantly ignored by Defendants despite Plaintiff's requests for assistance.

75. In or around June 2025, just a few months following Plaintiff's stroke and request for a reasonable accommodation, Defendant JOHN DOE, known as "ERICK" informed Plaintiff

that another individual would be taking over Plaintiff's position as superintendent and effectively terminated Plaintiff's employment after 40 years of service.

76. It is clear from the temporal proximity between the time that Plaintiff suffered a stroke and required a reasonable accommodation and Defendants' decision to terminate Plaintiff that Plaintiff was terminated on the basis of his disability.

77. Upon information and belief, Defendants ABRAHAM H. PULTMAN participated in and/or exercised authority concerning the decision to terminate Plaintiff's employment.

78. Defendants terminated Plaintiff's employment approximately three (3) months after Plaintiff suffered the stroke that resulted in his physical limitations and after Plaintiff requested assistance with his maintenance duties.

79. Accordingly, Defendants improperly terminated Plaintiff on the basis of his disability in violation of the New York State Human Rights Law.

80. As a result of Defendants' discriminatory treatment, Plaintiff has suffered and will continue to suffer future loss of income and wages, loss of salary, loss of employment, special damages, inconvenience, loss of bonuses, benefits and other compensation which such employment entails, loss of enjoyment of life, interference with his ability to mitigate his damages, depression, anxiety, fear, anger, emotional pain and suffering, and non-pecuniary losses.

81. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages as against all Defendants, jointly and severally.

## FIRST CAUSE OF ACTION

**Overtime Wages Under The Fair Labor Standards Act**

82. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

83. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

84. At all times relevant to this action, Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

85. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

86. Defendants willfully failed to pay Plaintiff's overtime wages for hours worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5) times the regular wage, to which Plaintiff was entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

87. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to the compensation of the Plaintiff.

88. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION**

**Overtime Wages Under New York Labor Law**

89. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

90. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

91. Defendant failed to pay Plaintiff's overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiff were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3.

92. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

**THIRD CAUSE OF ACTION**

**Minimum Wages Under New York Labor Law**

93. Plaintiff re-alleges and incorporates by reference all allegations contained in all preceding paragraphs.

94. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of NYLL §§2 and 651.

95. At all times relevant to this action, Defendants were employers within the meaning of the NYLL.

96. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

97. Defendants failed to credit or compensate Plaintiff the applicable minimum hourly wage for all hours worked, in violation of the New York Minimum Wage Act, specifically NYLL §652.

98. Defendants failed to pay Plaintiff the required minimum wage, which Plaintiff was entitled under NYLL §652, in violation of 12 N. Y. C. R. R. 137-1.3.

99. Due to Defendants' NYLL violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an amount equal to their unpaid minimum wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NYLL §198 (1-a).

**FOURTH CAUSE OF ACTION**
**Minimum Wages Under The Fair Labor Standards Act**

100. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

101. Plaintiff has consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b).

102. At all times relevant to this action, Plaintiff was engaged in commerce or the production of services and goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

103. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

104. Defendants willfully failed to pay Plaintiff a minimum wage in accordance with 29 U.S.C. §§201, 202 and 203.

105. Defendants' violations of the FLSA, as described in this Complaint have been willful and intentional.

106. Defendants have not made a good faith effort to comply with the FLSA with respect to the Plaintiff's compensation.

107. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FIFTH CAUSE OF ACTION
**Unpaid Wages Under The Fair Labor Standards Act**

108. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

109. Defendants willfully failed to pay Plaintiff's wages for hours worked in violation of 29 U.S.C. §206(a).

110. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiff.

111. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants, jointly and severally, his unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## SIXTH CAUSE OF ACTION
**Unpaid Wages Under The New York Labor Law**

112. Plaintiff incorporates by reference all allegations in all preceding paragraphs.

113. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§2 and 651.

114. Defendants failed to pay Plaintiff's wages for hours worked in violation of New York Labor Law Article 6.

115. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from the Defendants, jointly and severally, his unpaid wages and an amount equal to his unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

**SEVENTH CAUSE OF ACTION**
**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

116. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

117. Defendants failed to provide Plaintiff with a written notice, of his rate of pay, regular pay day, and such other information as required by NYLL §195(1).

118. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**EIGHTH CAUSE OF ACTION**

**Violation of the Wage Statement Requirements of the New York Labor Law**

119. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

120. Defendants failed to provide Plaintiff with wage statements upon each payment of wages, as required by NYLL §195(3)

121. Defendants are liable to Plaintiff in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

**NINTH CAUSE OF ACTION FOR DISCRIMINATION**

**Under New York State Executive Law**

122. Plaintiff re-alleges and incorporates by reference all allegations in all preceding paragraphs.

123. New York State Executive Law § 296 provides that, "1. It shall be unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's . . . age, sex/gender, disability . . . to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

124. Defendants violated the above-stated law.

125. As a result of Defendants' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

126. Defendants had no good faith business justification for the actions against Plaintiff as described herein.

127. As a result of the acts and conduct complained of herein, Plaintiff has suffered, and will continue to suffer, future loss of income/wages, loss of salary, loss of employment, special damages, inconvenience, loss of bonuses, benefits and other compensation which such employment entails, loss of enjoyment of life, interference with his ability to mitigate his damages, depression, anxiety, fear, anger, emotional pain and suffering, exacerbated physical illness and injuries and other non-pecuniary losses.

128. Defendants' conduct was malicious, willful and conducted with full knowledge of the law.

129. Plaintiff is entitled to the maximum amount allowed under this statute/law.

## TENTH CAUSE OF ACTION FOR DISCRIMINATION

**Under The New York City Human Rights Law**

130. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of the Complaint as if more fully set forth herein at length.

131. The New York City Administrative Code §8-107(1) provides: "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of actual or perceived age, race, creed, color, national origin, gender, **disability**, marital status, sexual orientation, alienage, or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment.

132. Defendants have engaged in an unlawful discriminatory practice in violation of the New York City Administrative Code by discriminating against Plaintiff because of her disability and failing to accommodate Plaintiff's reasonable request for disability-related accommodations. Due to Defendants' unlawful discriminatory employment practices, Plaintiff was constructively discharged.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Declaring that Defendants engaged in unlawful employment practices prohibited by the NYSHRL, NYCHRL and NYLL in that Defendants discriminated against Plaintiff on the basis of his disability;

c. Awarding Plaintiff's unpaid overtime wages;

d. Awarding Plaintiff's unpaid minimum wages;

e. Awarding Plaintiff's unpaid wages;

f. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

g. Awarding Plaintiffs prejudgment and post-judgment interest;

h. Awarding Plaintiff the costs of this action together with reasonable attorneys' fees; together with such further relief as this court deems necessary and proper.

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

Dated: October 7, 2026
Kew Gardens, NY

Roman Avshalumov

Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

VICTOR LEE SMITH,

Plaintiff,

-against-

1114 NOSTRAND ASSOCIATES LLC, MAPLE NOSTRAND LLC, ABRAHAM H. PULTMAN, ISAAC M. PULTMAN, and JOHN DOE, known as "ERICK", as individuals,

Defendants.

**COMPLAINT**

HELEN F. DALTON & ASSOCIATES, P.C.
*Attorneys for Plaintiff*
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Phone (718) 263-9591
Fax (718) 263-9598

To:

*via Secretary of State service:*
**1114 NOSTRAND ASSOCIATES LLC (DOS ID: 4110142)**
PO BOX 100800, Brooklyn, New York 11210.

**MAPLE NOSTRAND LLC (DOS ID: 4256606)**
PO BOX 100800, Brooklyn, New York 11210.

*via Personal service:*
**1114 NOSTRAND ASSOCIATES LLC**
1114 Nostrand Avenue/292 Maple Street, Brooklyn, New York 11225

**MAPLE NOSTRAND LLC**
1114 Nostrand Avenue/292 Maple Street, Brooklyn, New York 11225

**ABRAHAM H. PULTMAN**
493 Arbuckle Ave, Cedarhurst, NY 11516-1333
630 3rd Ave Fl 19, New York, NY 10017-6735.

**ISAAC M. PULTMAN**
604 Carlyle St, Cedarhurst, NY 11516-1706
630 3rd Ave Fl 19, New York, NY 10017-6735.

**<u>JOHN DOE #1, known as "ERICK"</u>**

1114 Nostrand Avenue/292 Maple Street, Brooklyn, New York 11225

630 3rd Ave Fl 19, New York, NY 10017-6735.